FILED

2011 DEC 21 PM 2:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

1  Steven R. Vartazarian, Esq. (SBN: 227635)
2  **THE VARTAZARIAN LAW FIRM, APC**
3  15250 Ventura Blvd., Suite 505
   Sherman Oaks, CA 91403
4  Telephone: (818) 990-9949
5  Fax: 818-990-6124
   Email: Steve@TheVLF.com
6
7  Martin I. Aarons, Esq. (SBN 233879)
8  **THE AARONS LAW FIRM**
   A Professional Corporation
9  14156 Magnolia Boulevard, 2nd Floor
   Sherman Oaks, California 91423
10 Telephone:  (818) 794-9250
11 Facsimile:  (818) 302-2072
   Email: maarons@aaronslawfirm.com
12
13 Attorneys for Plaintiff, Eleda Cohen

14
15                UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA
17 ELEDA COHEN                    CASE NO. CV11 10554 JAK (R2x)
18         Plaintiffs,            **COMPLAINT FOR**
19 v.
                                  **(1) Strict Products Liability**
20 WRIGHT MEDICAL GROUP, INC.,    **(2) Breach of Warranty**
21 a corporation, WRIGHT MEDICAL  **(3) Negligence**
   TECHNOLOGY, INC., a corporation,
22 and DOES 1 through 100, Inclusive,  **DEMAND FOR JURY TRIAL**
23
         Defendants.
24
25              **GENERAL ALLEGATIONS**
26     Plaintiff, **ELEDA COHEN**, brings this action against defendants WRIGHT
27 MEDICAL GROUP, INC., a corporation, WRIGHT MEDICAL TECHNOLOGY, INC.,
28

                              - 1 -

a corporation, and DOES 1 through 100, inclusive, (collectively "Defendants") and alleges as follows:

1.     Plaintiff **ELEDA COHEN** is a resident of Los Angeles, California at all relevant times.

2.     Defendant Wright Medical Group, Inc., a corporation, is a citizen of the State of Delaware (where incorporated) and the State of Tennessee (principal place of business), and is the parent company of Defendant Wright Medical Technology, Inc., a corporation, which is a citizen of the State of Delaware (where incorporated) and the State of Tennessee (principal place of business).

3.     Directly and/or through its aforesaid subsidiaries, Defendants designed, manufactured, distributed and sold in California various orthopedic hardware including the "Conserve Plus Total Hip Replacement System" prosthesis system at issue in this case.

4.     The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 100, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants are ascertained, plaintiffs will amend this Complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated herein as a DOE was and is responsible in some manner for the events and happenings herein referred to and their conduct directly, proximately and legally caused the injuries and damages sustained by plaintiffs as herein alleged, either through said defendants' own conduct or through the conduct of their agents, servants, or employees, or in some other manner.

5.     At all times herein mentioned, each defendant named herein was and is the duly authorized agent, employee, servant, partner and/or joint venturer of the other co-defendants, acting within the course and scope of said relationship. Further, when acting

1   as a principal, each defendant approved, consented to, and ratified the acts and conduct of

2   his, her or its co-defendants.

3        6.       In and around September 1, 2007, Plaintiff ELEDA COHEN had a

4   degenerative bilateral hip condition which indicated total hip replacements on both her

5   right and left hips. Therefore, on September 1, 2007, she underwent surgery to receive

6   bilateral hip implants. On her right hip, Plaintiff received a Wright Medical Technology

7   Conserve Plus 50 MM acetabular component along with a 44-3.5 head, short ARVDI

8   neck and profemur Z size 2 femoral component (hereinafter referred to as the "Conserve

9   Plus Total Hip Replacement System"). It is important to note that the femoral component

10  (the ball portion of the implant) and the acetabular component (the socket portion of the

11  implant) are both metal. The acetabular cup had engraved upon it serial number "CoCI

12  38024450 WRIGHT 437755." On her left hip, the total hip arthroplasty was performed

13  using a product from a different manufacturer, Zimmer, which was metal on plastic as

14  opposed to metal on metal.

15

16       7.       In and around early 2009, plaintiff began experiencing pain, discomfort,

17  loss of mobility, of her right hip which led to a decrease in the quality of her life. At the

18  time she complained of the symptoms to her physician the etiology of her complaints was

19  unknown. Shortly thereafter, she was diagnosed with a right hip rejection "secondary to

20  reaction to the cobalt steel-nickel in the hip." Essentially, the hip implant was failing

21  because it was releasing particles of metal into the hip joint and surrounding tissue.  As a

22  result of this finding, and on June 23, 2009, plaintiff underwent a revision surgery

23  whereby the right hip implant placed in 2007 was removed and revised with a metal on

24  plastic implant similar to what she had on the left side.

25

26       8.       Plaintiff did not understand why her hip implant had failed other than her

27  body had rejected it because she was supposedly allergic to it.

28

- 3 -

9.     In and around July/August of 2011, Plaintiff for the first time learned the reason why she required the subsequent surgery in 2009 was because the Wright hip implant she received in 2007 was defective. Shortly thereafter, plaintiff sought counsel to investigate the cause behind her 2009 hip revision.

10.     Based on these suspicions and after conferring with her attorney, Plaintiff obtained a copy of her medical records from Cedars-Sinai Medical Center on November 7, 2011. A review of the records, and research into the product revealed essentially the following: The conserve cup component manufactured by Defendants is essentially an unlined cast cobalt chromium component, which during its use endures constant friction from rubbing on the metal ball component of the hip implant system. As a result of this friction, small particles of metal are released into the hip joint and surrounding tissue resulting in metallosis and biologic toxicity. As a result of this phenomenon continuing from September 1, 2007, and up to in and around early 2009, plaintiff began experiencing the pain, discomfort, loss of mobility and decreasing the quality of her life that indicated the implants removal and subsequent revision surgery of June 23, 2009.

## **FIRST CAUSE OF ACTION**

**(By ELEDA COHEN for Strict Products Liability Against All Defendants, for defectively designing, and/or manufacturing the Conserve Plus Total Hip Replacement System as described above)**

11.     Plaintiff re-alleges and incorporates herein by reference the above paragraphs 1 through 10 as if fully set forth herein.

## MANUFACTURING DEFECT

12.     Plaintiff contends that the Conserve Plus Total Hip Replacement System as described herein and used to replace her right hip on September 1, 2007 contained a manufacturing defect. Plaintiff contends that Defendants manufactured, distributed, and sold the conserve plus total hip replacement system in California. Plaintiff contends that

the product contained a manufacturing defect when it left the Defendants possession. Plaintiff further contends that the product caused harm to the plaintiff by resulting in metal toxicity and indicating a subsequent extensive revision surgery. Plaintiff claims that the products manufacturing defect was a substantial factor, and the only factor, and causing plaintiffs harm as stated herein.

**DESIGN DEFECT**

A.    **Consumer Expectation Test**

13.    Plaintiff claims that the products designed was defective because the product did not perform as safely as an ordinary consumer would have expected it to perform. Specifically, plaintiff who was an ordinary consumer formed a reasonable minimum safety expectation that the hip implant system manufactured by Defendants would not result in metal toxicity within two years and require removal. Plaintiff expected that the product would last upwards of 15 years without causing any toxicity or complication of any kind.

14.    Plaintiff further alleges that Defendants manufactured, distributed, and sold the defective product within California. Plaintiff alleges that the product did not perform as safely as an ordinary consumer would've expected it to perform when used in the manner intended by the manufacturer. Plaintiff further contends that she was harmed by the defective design of the product when it caused her to develop metal toxicity and require the implants removal. Plaintiff contends that the products failure to perform safely was a substantial factor, and the only factor, in causing plaintiffs harm as stated herein.

B.    **Risk-Benefit Test**

15.    Plaintiff claims that the products designed caused harm to plaintiff. Plaintiff contends that Defendants manufactured, distributed and sold the subject product in California. Plaintiff contends that she was harmed by the product as a result of its design

when it caused plaintiff to develop metal toxicity and indicate the products removal from her right hip. Plaintiff contends that the products design was a substantial factor, and the only factor, in causing her harm as stated herein.

**FAILURE TO WARN**

16.    Plaintiff claims that the Conserve Plus Total Hip Replacement System lacked sufficient warning of the potential risks and/or side effects.  Plaintiff contends and alleges that the Conserve Plus Total Hip Replacement System had potential risks and/or side effects that were known and/or knowable by the use of scientific knowledge available at the time of the manufacture, distribution, and/or sale.  Plaintiff is further informed and believes and thereon alleges that the potential risks and/or side effects presented a substantial danger to users of the Conserve Plus Total Hip Replacement System and that ordinary consumers would not have recognized the potential risks and/or side effects.  Plaintiff further contends and alleges that Defendants failed to adequately warn of the potential risks and/or side effects of the Conserve Plus Total Hip Replacement System.  Furthermore, here, the Conserve Plus Total Hip Replacement System was used in a way that was reasonable foreseeable to Defendants and as a result of its usage Plaintiff was harmed and the lack of sufficient warnings was a substantial factor in causing Plaintiff's harm.

17.    As a direct, proximate, and legal result of the actions of Defendants alleged herein and the wrongful conduct of Defendants, plaintiff **ELEDA COHEN** suffered debilitating injury which required painful, invasive revision surgery, and was caused to suffer from, and continues to suffer from emotional distress, pain, discomfort, and anxiety.

18.    As a direct, proximate, and legal result of actions of Defendants alleged herein and the wrongful conduct of Defendants, plaintiff **ELEDA COHEN** has required and will require in the future medical and/or hospital care, attention, and services, and has

1    incurred and will incur in the future damages consisting of the cost of health and related
2    care, in an amount as yet unascertained.

3        19.    As a further direct and proximate result of actions of Defendants alleged
4    herein and the wrongful conduct of Defendants, plaintiff **ELEDA COHEN** has lost
5    earnings and will sustain loss of earnings and/or earning capacity.  The full nature,
6    amount and extent of said injuries is presently undetermined; when the full nature,
7    amount and extent is so determined or at time of trial, plaintiffs will amend this
8    Complaint accordingly.
9

10                              **SECOND CAUSE OF ACTION**
11              **(By ELEDA COHEN for Negligence Against all Defendants)**

12       20.    Plaintiff **ELEDA COHEN** re-alleges and incorporates the above
13    paragraphs 1 through 10 as if fully set forth herein.

14       21.    Defendants owed a duty of reasonable care to plaintiff **ELEDA COHEN** to
15    design, manufacture, sell, and/or distribute the Conserve Plus Total Hip Replacement
16    System, as described above, in a condition that was safe for its intended purpose.
17    Defendants' duty includes a duty to ensure that the Conserve Plus Total Hip Replacement
18    System did not cause users to suffer from failure and/or unreasonable, dangerous side
19    effects once implanted.  Defendants failed to exercise ordinary care in the manufacture,
20    design, sale, testing, quality assurance, quality control, marketing, and/or distribution of
21    the Conserve Plus Total Hip Replacement System in that Defendants knew or should
22    have known that the defective Conserve Plus Total Hip Replacement System created a
23    high risk of failure and/or unreasonable, dangerous side effects, some of which are
24    painful and debilitating and can only be alleviated by revision surgery.
25

26       22.    Defendants breached their duty to plaintiff **ELEDA COHEN** in the testing,
27    design, manufacture, packaging, warning, advertising, promotion, distribution and sale of
28    Conserve Plus Total Hip Replacement System in that Defendants failed to use ordinary

                                   - 7 -

1 care in designing and manufacturing the Conserve Plus Total Hip Replacement System so
2 as to avoid the manufacturing and design defects that cause the Conserve Plus Total Hip
3 Replacement System to fail.

4      23.    Defendants also breached their duty to plaintiff **ELEDA COHEN** by
5 failing to properly design, manufacture, inspect, and/or prepare the Conserve Plus Total
6 Hip Replacement System that were implanted into plaintiff and others similarly situated..

7      24.    Although Defendants knew or should have known since 2007, or earlier
8 that the Conserve Plus Total Hip Replacement System was defective, had a high rate of
9 failure and unreasonably dangerous side effects, they failed to warn the medical
10 community and the public. Defendants knew or reasonably should have known that the
11 Conserve Plus Total Hip Replacement System was dangerous or was likely to be
12 dangerous when used in a reasonably foreseeable manner. Defendants knew or
13 reasonably should have known that users would not realize the danger and defendants
14 failed to adequately warn of the danger. A reasonable manufacturer, distributor, and/or
15 seller under the same or similar circumstances would have warned of the danger. As a
16 result of the negligent failure to warn, plaintiff was harmed. Defendants' failure to warn
17 was a substantial factor in causing plaintiffs harm.

18      25.    Defendants knew or should have known that consumers such as plaintiff
19 **ELEDA COHEN** risked injury as a result of Defendants' failure to exercise ordinary
20 care as described above.

21      26.    Upon information and belief, plaintiffs allege further that Defendants knew
22 or should have known of the Conserve Plus Total Hip Replacement System defective
23 nature, as set forth herein, but continued to manufacture, design, market, and sell the
24 Conserve Plus Total Hip Replacement System so as to maximize sales and profits at the
25 expense of the health and safety of the public, including plaintiff, of the Conserve Plus

26
27
28

1  Total Hip Replacement System, in conscious or reckless disregard of the foreseeable
2  harm caused by the defective Conserve Plus Total Hip Replacement System.

3      27.    Plaintiff further contends that Defendants were negligent because it failed
4  to recall and/or retrofit the Conserve Plus Total Hip Replacement System. Plaintiff is
5  informed and believes that prior to September of 2007 Defendants knew or should have
6  known of the potential for the metal particles being released into the hip and surrounding
7  tissue and failed to recall the product. Furthermore, defendants knew or reasonably
8  should have known that the Conserve Plus Total Hip Replacement System was dangerous
9  or was likely to be dangerous when used in a reasonably foreseeable manner. Defendants
10 became aware of this defect after the Conserve Plus Total Hip Replacement System was
11 sold. Defendants failed to recall and/or retrofit the Conserve Plus Total Hip Replacement
12 System that a reasonable manufacturer, distributor or seller under the same or similar
13 circumstances would have recalled and/or retrofitted the product. As a result of
14 Defendant's failure to recall and/or retrofit the Conserve Plus Total Hip Replacement
15 System it was implanted in plaintiff and harmed her.
16

17     28.    As a direct, proximate, and legal result of the negligence, carelessness, and
18 other wrongdoing and actions of Defendants described herein, plaintiff **ELEDA COHEN**
19 suffered debilitating injury which required painful, invasive revision surgery, and was
20 caused to suffer from, and continues to suffer from emotional distress, pain, discomfort,
21 and anxiety.

22     29.    As a direct, proximate, and legal result of the negligence, carelessness, and
23 other wrongdoing and actions of Defendants described herein, plaintiff **ELEDA COHEN**
24 has required and will require in the future medical and/or hospital care, attention, and
25 services, and has incurred and will incur in the future damages consisting of the cost of
26 health and related care, in an amount as yet unascertained.
27
28

30.     As a further direct and proximate result of negligence and the wrongful conduct of Defendants, plaintiff **ELEDA COHEN** has lost earnings and will sustain loss of earnings and/or earning capacity.  The full nature, amount and extent of said injuries is presently undetermined; when the full nature, amount and extent is so determined or at time of trial, plaintiffs will amend this Complaint accordingly.

## THIRD CAUSE OF ACTION

### (By ELEDA COHEN for Breach of Warranty Against All Defendants)

31.     Plaintiff **ELEDA COHEN** re-alleges and incorporates the above paragraphs 1 through 10 as if fully set forth herein.

32.     Plaintiff also contends that she was harmed by the Conserve Plus Total Hip Replacement System because it did not have the quality that a buyer would expect and/or that it was not suitable for the intended purpose.

33.     Defendants impliedly warranted that they would sell and deliver Conserve Plus Total Hip Replacement System that were fit for the particular purposes for which they were intended.  Defendants also knew that plaintiff **ELEDA COHEN** and her physician intended to use the Conserve Plus Total Hip Replacement System for the particular purpose of hip replacement.

34.     Plaintiff **ELEDA COHEN** and her physician relied upon Defendants' skill and/or judgment in furnishing suitable Conserve Plus Total Hip Replacement System.

35.     Defendants, by selling and delivering defective ASR Hip System to plaintiff **ELEDA COHEN**, breached the implied warranties of merchantability and fitness in that the defective Conserve Plus Total Hip Replacement System presented an unreasonable risk of failure and/or contamination, resulting in pain, discomfort, anxiety, emotional distress, partial  disability, and the necessity of painful, invasive surgery.

36.     As a direct, proximate, and legal result of Defendants' breach of warranties described herein, plaintiff **ELEDA COHEN** suffered debilitating injury which will

required painful, invasive surgery, and was caused to suffer from, and continues to suffer from emotional distress, pain, discomfort, and anxiety.

37.     As a direct result of Defendants' breach of warranties described herein, plaintiff **ELEDA COHEN** has required and will require in the future medical and/or hospital care, attention, and services, and has incurred and will incur in the future damages consisting of the cost of health and related care, in an amount as yet unascertained.

38.     As a further direct and proximate result of the Defendants' breach of warranties described herein, plaintiff **ELEDA COHEN** has lost earnings and will sustain loss of earnings and earning capacity.  The full nature, amount and extent of said injuries is presently undetermined; when the full nature, amount and extent is so determined or at time of trial, plaintiffs will amend this Complaint accordingly.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request the following relief: <u>On the First through Third Causes of Action by Plaintiff **ELEDA COHEN** Against All Defendants</u>:

(a)     general damages in an amount according to proof;

(b)     special damages according to proof;

(c)     interest, costs and expenses in this litigation;

(d)     pre-judgment interest on the amount of damages attributable to personal injury pursuant to Civil Code section 3291;

(e)     such other and further relief as may be just and proper;

Dated: December **20**, 2011               THE VARTAZARIAN LAW FIRM

Steve Vartazarian
Attorneys for Plaintiff

- 11 -

COMPLAINT FOR DAMAGES
*Cohen v. Wright Medical Group, Inc., et al*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: December 26, 2011                 THE Vartazarian LAW FIRM

Steve Vartazarian
Attorneys for Plaintiff

- 12 -
COMPLAINT FOR DAMAGES
*Cohen v. Wright Medical Group, Inc., et al*

Name & Address:Martin I. Aarons, CA SBN 233879
THE AARONS LAW FIRM, APC
14156 Magnolia Boulevard, 2nd Floor
Sherman Oaks, California 91423
Tel: 818-794-9250
Email: maarons@aaronslawfirm.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ELEDA COHEN

                                             PLAINTIFF(S)

                    v.

WRIGHT MEDICAL GROUP, INC., a corporation,
WRIGHT MEDICAL TECHNOLOGY, INC., a
corporation, and DOES 1 through 100, Inclusive,

                                             DEFENDANT(S).

CASE NUMBER

CV11-10554 JAK (PZx)

SUMMONS

TO:   DEFENDANT(S): WRIGHT MEDICAL GROUP, INC., a corporation, WRIGHT MEDICAL
      TECHNOLOGY, INC., a corporation, and DOES 1 through 100, Inclusive

      A lawsuit has been filed against you.

      Within   21   days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, Martin I. Aarons _____, whose address is
14156 Magnolia Blvd., 2nd Floor, Sherman Oaks, CA 91423 _____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                             Clerk, U.S. District Court

        DEC 2 1 2011                              SHEA BOURGEOIS

   Dated: _____         By: _____
                                             Deputy Clerk

                                             (Seal of the Court)

   [Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
   60 days by Rule 12(a)(3)].

CV-01A (12/07)                              SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ELEDA COHEN | WRIGHT MEDICAL GROUP, INC., a corporation, WRIGHT MEDICAL TECHNOLOGY, INC., a corporation, and DOES 1 through 100, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Martin I. Aarons (CA SBN 233879) The Aarons Law Firm, 14156 Magnolia Blvd., 2nd Floor, Sherman Oaks, CA 91423; 818-794-9250 | N/A |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Strict Products Liability (2) Breach of Warranty (3) Negligence under California Law

**VII. NATURE OF SUIT** (Place an X in one box only.)

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☒ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**CV1110554**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Delaware | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  December 20, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV11- 10554 JAK (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.